(No. 89-CC-3655– )

CLEMENT VAUGHN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1991.*

CLEMENT VAUGHN, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (FRANK HESS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against Respondent for

amounts removed from Claimant's Trust Fund for expenses to pay for Claimant's "furlough" to his sister's funeral which Claimant contends he was not permitted to attend.

The Complaint alleges that on May 24, 1988, Claimant made an agreement with Respondent's agents at Shawnee Correctional Center that they could withdraw from his Prisoner Trust Fund Account up to one-half of all monies received by Claimant to reimburse the Department of Corrections for expenses incurred by them in order to transport Claimant to his sister's funeral. Claimant contends that he was not permitted to attend his sister's funeral, and the complaint arises from the fact that Respondent is alleged to have continued to withdraw sums from Claimant's fund before a furlough "that was not completed."

At the hearing in this cause, Claimant testified that while he was on the funeral furlough, it was canceled as a result of disputes between Claimant and attending officers over the question of whether or not Claimant would be provided with suitable clothing and personal hygiene items. Apparently, as a result of this dispute, Respondent's agents called Claimant's relatives and advised Claimant's relatives that Claimant did not wish to attend the funeral.

Claimant had been driven by Respondent's agents from Shawnee Correctional Center to Joliet Correctional Center in anticipation of the funeral furlough. When Claimant and Respondent's agents arrived at Joliet Correctional Center, Claimant was not permitted to go on the furlough and it was canceled. Claimant contends that he was denied the right to attend the funeral because he had asked for clothing and soap to use for washing.

Prior to going on the furlough, Respondent's agents had required Claimant to sign a money voucher. One month after the aborted furlough, the State began taking sums from Claimant's trust account, and were in the process of withdrawing up to $526.00 to cover the State's expenses at the time of the hearing in this case.

After reviewing the record, it was determined that Claimant had not filed a grievance with the institutional inquiry board and had not obtained any review of his grievance except by means of written complaints addressed to Warden Jim Greer at Menard Correctional Center. (See letter of Jim Greer to Claimant dated August 4, 1988.) In light of the fact that decisions of the institutional inquiry board must be approved by the warden before implementation, it seems that Claimant's complaint to Warden Greer which produced the response of August 4, 1988, was sufficient compliance with the requirement that Claimant exhaust his administrative remedies. The record in this case establishes that Claimant's agreement with respect to his attendance upon the funeral furlough was by agreement directly with the warden's office; accordingly, it would seem to be a triumph of form over substance to deny this claim on the basis of the fact that no formal grievance was filed with the institutional inquiry board in light of the expressed intentions of Warden Greer as stated in his letter of August 4, 1988, to the Claimant.

Respondent produced no evidence or testimony. Claimant contends that since he was not transported the additional 100 miles from Joliet to the location of the funeral and was denied the opportunity to attend the funeral due to a dispute with Respondent's agents over clothing and personal hygiene items, the State should be required to reimburse Claimant for the amount of funds

removed from Claimant's trust account. At the time of the hearing in this cause, $350.00 had been removed from Claimant's trust account to reimburse the State for expenses incurred by the State in driving the Claimant from Shawnee Correctional Center to Joliet.

There is no evidence in the record with respect to the ability of Respondent's agents to provide Claimant with clothing or personal hygiene items while at Joliet. It does seem peculiar that these items were not resolved prior to departing from Shawnee Correctional Center; however, the Court cannot decide this matter in a vacuum of evidence or proof as to what Respondent's responsibilities should have included once Claimant was transported to Joliet Correctional Center.

The burden of proof is on the Claimant. Claimant does not suggest that Respondent did not incur expenses of $526.00 in Respondent's ill-fated attempt to provide Claimant with a funeral furlough. The gravamen of the agreement between Claimant and Respondent was re-imbursement by Claimant to Respondent for Respondent's expenses reasonably incurred in connection with the funeral furlough. The record demonstrates that substantial expenses were incurred by Respondent on Claimant's behalf. The record is barren of any explanation as to why Claimant was not transported to the funeral from Joliet, except through Claimant's "version" which relates to a dispute regarding Claimant's contention that Respondent's agents should have provided Claimant with clothing and personal hygiene articles. There is no proof in this case that Respondent had at any time undertaken to provide Claimant with these amenities.

It is therefore ordered, adjudged and decreed that this claim is denied.